IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02560-BNB

TA'RELL LAVAR BURTON SR., a/k/a TERRELL BURTON,

Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, Denver,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Ta'Rell Lavar Burton Sr., a/k/a Terrell Burton, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Burton initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 03-CR-4971 in the Denver County District Court of Colorado.

In an order entered on December 14, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving two extensions of time, Respondents submitted a Pre-Answer Response on January 22, 2010. After also receiving an extension of time, Mr. Burton filed his Reply on March 4, 2010.

The Court must construe liberally the Application filed by Mr. Burton because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On November 14, 2004, Mr. Burton pled guilty to second degree murder. Pre-Answer Resp. Ex. A at p. 7 (State Register of Actions). On February 15, 2005, the trial court sentenced Mr. Burton to thirty years in the DOC and five years of mandatory parole. *Id.* at 7-8. Mr. Burton did not file a direct appeal.

On February 27, 2007, Mr. Burton filed a *pro se* motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). *Id.* at 8. The trial court denied the motion without a hearing on March 28, 2007. *Id.* Mr. Burton filed a *pro se* motion for rehearing, which the trial court denied on May 13, 2007. *Id.* Mr. Burton appealed the denial of the Rule 35(c) motion to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on October 16, 2008. *See People v. Burton*, No. 07CA0983 (Colo. App. Oct. 16, 2008) (unpublished opinion) (Pre-Answer Resp. at Ex. E). Mr. Burton filed a motion with the Colorado Supreme Court (CSC) on November 4, 2008, which the CSC construed as a petition for writ of certiorari, and denied on March 2, 2009. Pre-Answer Resp. at Ex. A, p. 9.

On July 6, 2009, Mr. Burton filed a *pro se* motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* The trial court denied the motion on July 13, 2009. *Id.*

Mr. Burton then filed the instant action, which was received by the Court on October 23, 2009. Mr. Burton filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 30, 2009. In the Amended Application, Mr. Burton asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Burton's criminal case became final. The final sentence in Mr. Burton's case entered on February 15, 2005. Pre-Answer Resp. at Ex. A, p. 7. Because Mr. Burton did not file a direct appeal, the Court finds that his conviction became final on April 1, 2005, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year statute of limitations began to run on April 4, 2005, the next business day after the conclusion of the time to appeal. *See, e.g., Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Burton's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing

preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Burton's state court action between April 4, 2005, and February 27, 2007. *See* Pre-Answer Resp. at Ex. A, p. 8. Accordingly, the one-year limitation period began to run on April 4, 2005, and ran untolled until it expired on April 4, 2006, the 365th day after the limitation period began to run. Because the one-year limitation period expired before Mr. Burton filed his first postconviction motion on February 27, 2007, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately three years and six months prior to the filing of the application on October 23, 2009. Therefore, the

5

instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Burton bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Burton fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Burton has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this  11th  day of  March , 2010.

                                            BY THE COURT:

                                            *[signature]*

                                            CHRISTINE M. ARGUELLO
                                            United States District Judge, for
                                            ZITA LEESON WEINSHIENK, Senior Judge
                                            United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 09-cv-02560-BNB

Ta'rell Lavar Burton, Sr.
a/k/a Terrell Burton
Prisoner No. 125361
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk